**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

ROSA RODRIGUEZ,                    )
        Plaintiff,              )
                               )
    v.                             )        NO. EP-10-CV-00378-RFC
                               )        (by consent)
MICHAEL J. ASTRUE,                 )
Commissioner of the Social         )
Security Administration,           )
        Defendant.             )

**MEMORANDUM OPINION AND ORDER**

    This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner), denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas.  For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

**PROCEDURAL HISTORY**

    On January 9, 2006, Plaintiff filed her application for benefits alleging disability due to impairments that became disabling on January 8, 2004.  (R:89-94)[1]  The application was denied initially and on reconsideration.  (R:55-59, 62-65) Pursuant to Plaintiff's request, an Administrative

---

    [1] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in this case is designated by "(R:[page number(s)])".

Law Judge (ALJ) held a hearing to review her application *de novo* on April 21, 2008, at which hearing both Plaintiff and a vocational expert testified.  (R:8-37, 66)  The ALJ issued his decision on June 27, 2008, denying benefits.  (R:40-51)  Plaintiff's request for review was denied by the Appeals Council on July 9, 2010.  (R:1-7)

On October 12, 2010, Plaintiff submitted her complaint along with a motion to proceed *in forma pauperis*.  (Doc. 1)  The motion was granted and her complaint was filed. (Docs. 5-6)  The Commissioner filed an answer on December 29, 2010, and a certified copy of the transcript of the administrative proceedings was received on December 30, 2010.  (Docs. 16, 19)  On April 4, 2011, Plaintiff's brief was filed.  (Doc. 24)  On April 29, 2011, the Commissioner filed his brief in support of the decision to deny benefits.  (Doc. 29)[2]

## THE ALJ'S HEARING DECISION

First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2011.  (R:45)  Next, the ALJ found that Plaintiff had engaged in substantial gainful activity from January 8, 2004, to December 2006.  (*Id*.)  Based on her earnings records reflecting income in 2004, 2005, and 2006, the ALJ found that Plaintiff had returned to work for her former employer after her surgery and continued to work until 2006.  (*Id*.)  The ALJ found Plaintiff had not engaged in substantial gainful activity since December 2006.  (*Id*.)  At the second step, the ALJ found that Plaintiff had the following severe combination of impairments: "right shoulder dysfunction, status

---

[2] This cause was initially referred by United States District Court Judge Frank Montalvo to then Magistrate Judge Margaret F. Leachman. (Doc. 1)  It was then referred to Magistrate Judge David C. Guaderrama and, upon consent by the parties, it was later reassigned to Judge Guaderrama.  (Doc. 9, 15, 17, 20)  Finally, it was reassigned to this Court on April 5, 2011. (Doc. 25)  The parties were ordered to file a new notice of consent or non-consent to Magistrate Judge jurisdiction on April 7, 2011, and both parties entered notices consenting to this Court deciding the appeal.  (Docs. 27-28)

post rotator cuff injury and surgical repair, right wrist tendinitis, back strain, history of shingles, and obesity." (*Id*.)  The ALJ found no objective medical evidence to support a finding of visual problems not correctable with lenses, arthritis other than that encompassed in her right shoulder impairment, or carpal tunnel syndrome in the adjudicative period.  (R:45-46)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments.  (R:46)

After careful consideration of the entire record, the ALJ found that Plaintiff had the RFC:

to perform light work, as defined in [20 C.F.R. § 404.1567(b)] and as set forth in [her] hypothetical question to the vocational expert, as follows: she can lift and/or carry no more than 20 pounds occasionally and no more than 10 pounds frequently; sit for no more than 6 hours out of an 8-hour work day, stand and/or walk for no more than 6 hours out of an 8-hour day; and can push and pull with the upper extremities occasionally and with the lower extremities frequently.  Further, she should never climb ropes, ladders, or scaffolds, but can occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. She can reach overhead, handle, and finger with her dominant upper extremity occasionally, and do so with her non-dominant upper extremity frequently.  She can feel frequently with either hand.

(R:46)

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as an outreach worker, semiskilled and light exertional requirements, as described by the vocational expert and the Dictionary of Occupational Titles ("DOT") 195.367.01 and as actually performed.  (R:50)

The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 8, 2004, through the date of the ALJ's decision.  (R:50)

## ISSUES

Plaintiff presents the following issues for review:

1.    Whether the ALJ erred at the first step of the sequential evaluation process finding that Plaintiff engaged in substantial gainful activity.

2.    Whether the ALJ's finding that Plaintiff can perform past relevant work is supported by substantial evidence.

(Doc. 24:2)

## DISCUSSION

### A.    *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, the Court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial-evidence standard, the

court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**B.      *Evaluation Process***

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what she can still do despite her limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of

performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

**C.  Analysis**

**1.   The ALJ's error at step one, finding that Plaintiff engaged in substantial gainful activity, was harmless.**

Plaintiff's work activity reports stated, and Plaintiff testified, that her last date of employment was January 8, 2004.  (R:45) At step one, however, the ALJ found that Plaintiff had engaged in substantial gainful activity from January 8, 2004, through December 2006, based on Plaintiff's earning records. (*Id*.)  The Commissioner concedes that the ALJ's step one determination was made in error.  (Doc. 29:4)  The Court agrees.   In addition to the work activity reports, Plaintiff's testimony, and her earning statements, the record contains two letters from Plaintiff's prior employer, dated January 12, and October 20, 2006, which Plaintiff provided to the Appeals Council.  (R:231-32)

The letters explain the following.  Plaintiff reported an on-the-job injury to her upper extremities on November 20, 2002. (R:232)   Plaintiff was on a leave of absence from January 9, 2004, through September 15, 2004.  (R:231) Plaintiff's employment was terminated as part of a reduction in force on September 14, 2004.  (R:231)  Most significantly, the letters confirmed that Plaintiff had received wages under her employer's occupational injury benefits program from the start of her leave on January 9, 2004, through November 20, 2006. (*Id*.)

Plaintiff acknowledges that the ALJ continued beyond the first step of the evaluation process, but asserts that the 2004-2006 time period was not properly adjudicated, that Plaintiff was prejudiced by the error, and that remand is required.  (Doc. 24:3 n.1)  The only argument Plaintiff presents to

support this contention is that the ALJ erred by failing to consider the entire record.  (Doc. 24:4) The

Court again notes that the letters from Plaintiff's employer were provided to the Appeals Council.

There is no indication that they were in the record that was before the ALJ when she entered her

decision.  Further, remand is not required unless the error "would cast into doubt the existence of

substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.

1988).  Plaintiff has pointed to no evidence that was in the record before the ALJ that the ALJ failed

to consider in concluding that Plaintiff had not been under a disability from January 8, 2004, through

the date of decision and denying benefits at step four.  (R:50)   The ALJ's decision reflects that the

whole record was considered and that the entire period of alleged disability was considered at each

step of the sequential evaluation.  The ALJ's erroneous finding at step one is harmless.  *See Mays*

*v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

> ### 2.   Substantial evidence supports the ALJ's step four finding that Plaintiff can perform past relevant work.

Plaintiff contends that the ALJ's step four finding is not supported by substantial evidence

and that the ALJ erred by failing to perform a direct comparison of the claimant's RFC with the

physical and mental demands of Plaintiff's past work.  (Doc. 24:5-6)  Plaintiff claims the ALJ erred

by not considering and stating, in addition to her finding of fact as to Plaintiff's RFC, a finding of

fact as to the physical and mental demands of Plaintiff's past relevant work, and a finding of fact

that, based on Plaintiff's RFC, Plaintiff is capable of performing her past relevant work.  (*Id*.)

Plaintiff contends that the ALJ failed to compare the Plaintiff's RFC and the physical and mental

demands of Plaintiff's past work in her hypothetical questions and again in her decision, and

therefore failed to consider the effect of all of Plaintiff's impairments on her ability to perform her

past relevant work.  (Doc. 24:6)  The ALJ, however, did perform the required comparisons and did enter the required findings.

At step four, the ALJ found that Plaintiff could perform her past relevant work as an outreach worker both as described by the vocational expert and as actually performed.  (R:50) The ALJ found Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), as follows:

> she can lift and/or carry no more than 20 pounds occasionally and no more than 10 pounds frequently; sit for no more than 6 hours out of an 8-hour work day, stand and/or walk for no more than 6 hours out of an 8-hour day; and can push and pull with the upper extremities occasionally and with the lower extremities frequently. Further, she should never climb ropes, ladders, or scaffolds, but can occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. *She can reach overhead, handle, and finger with her dominant upper extremity occasionally*, and do so with her non-dominant upper extremity frequently.  She can feel frequently with either hand.

(R:46) (emphasis added)

Plaintiff described her past work as an outreach worker as follows.  She worked 8-hour days, during which time she would walk for 8 hours or more, stand for 8 hours, never sit, climb, stoop, kneel, crouch, or crawl.  (R:129)  She would also handle, grab, or grasp big objects for 2 to 3 hours, reach 1 to 2 hours, and write or handle small objects 1 to 2 hours.  (*Id.*)  Plaintiff was required to lift up to 30 pounds occasionally and frequently lifted less than 10 pounds, typically boxes of brochures, pamphlets, or canned goods.  (*Id.*)  She noted that she used machines, did not use any technical knowledge, and did some writing of reports.  (*Id.*)  At the hearing before the ALJ, Plaintiff testified briefly that she would stand looking for people who were injured and needed medical assistance, that she acted as a liaison between the people and the clinic, that she would go and get people who needed help and teach them how to get to the clinic and register at the clinic to get medical help.  (R:13)

As described by Plaintiff, her job as an outreach worker exceeded the RFC assessed by the ALJ in that it required her to stand and walk more than 6 hours in an 8-hour day and to lift more than 20 pounds occasionally.  There is no evidence in the record to support the ALJ's conclusion that Plaintiff's position as outreach worker, as actually performed, did not require the performance of work-related activities precluded by Plaintiff's RFC.  The fact that the ALJ did not mention or discuss the evidence regarding how Plaintiff actually performed her past work as an outreach worker, however, suggests that the conclusion "as actually performed" may have been a typographical error.  Regardless, such a finding is not supported by substantial evidence.  The ALJ also stated in her decision, however, that Plaintiff was capable of performing the past relevant work as an outreach worker as described by the vocational expert, and classified in DOT 195.367.01.  (R:50)  In other words, as generally performed in the national economy.

The ALJ did not rely on the generic classification of light work and Plaintiff's ability to perform light work, as the Fifth Circuit prohibited in *Latham*, the case cited by Plaintiff.  *(See* Doc. 24:5, citing *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994)).  The ALJ did not discuss or make findings as to the actual functional demands of a particular past relevant job as Plaintiff actually performed it.  However, the ALJ did inquire and make findings regarding the functional demands and job duties of the occupation as generally required by employers throughout the national economy, as reflected in the DOT, and as provided for by the regulations.  20 C.F.R. §§ 404.1520(e), 416.920(e) and SSR 82-61 (1982).

The Dictionary of Occupational Titles and the Guide for Occupational Exploration sets forth the mental and physical demands of Plaintiff's prior relevant work.  The ALJ asked the expert several hypothetical questions to explore how the various alleged limitations would affect a person's

ability to perform that job.  The ALJ did not, however, find all of Plaintiff's alleged limitations

supported by the record.

The vocational expert testified that Plaintiff's job as an outreach worker falls under DOT

195.367-010,[3] which is semi-skilled, SVP 3, and light exertional level.  (R:29)  The first hypothetical

question the ALJ presented the expert was almost identical to the ALJ's ultimate RFC

determination.[4]  The only difference between the two was that the hypothetical provided that the

person could handle, finger, and feel frequently bilaterally; the RFC limited such activities to

occasionally with respect to the dominant hand.  (R:30, 46)  The expert testified that such a person

could perform the job of an outreach worker because the non-exertional limitations—especially the

_____

[3] Plaintiff questions whether the vocational expert misidentified the DOT for Plaintiff's prior work as an outreach worker, asserting that DOT 195.367-010, identified by the expert, pertains to "casework supervisor" in the DOT.  (Doc. 24:6, citing DOT 214.382-014 ("Billing Typist"))  Reference to the DOT, however, indicates that DOT 195.367-010 is titled "Case Aide" or "Community Program Aide."  DOT 195.367-010.  This position is described as being "under close and regular supervision and tutorage of CASEWORKER (social ser.) 195.107-010 or CASEWORK SUPERVISOR (social ser.) 195.137-010."  *Id.*  Thus, Plaintiff's argument presents a false dichotomy; there is no evidence that the expert either misidentified Plaintiff's prior relevant work or that he found it to be synonymous to the job of caseworker supervisor. (*See* Doc. 24:6)

[4] The ALJ's first hypothetical question asked the expert to consider:

a person with the same age, education, and vocational background as Plaintiff; who could lift and carry no more than 20 pounds occasionally and 10 frequently; could sit, stand, or walk each for 6 hours out of an 8 hour day; could push and or pull no more than occasionally with her upper extremities and no more than frequently with her lower extremities; who could never climb ropes, ladders or scaffolds, could occasionally climb ramps and stairs; who could occasionally balance, stoop, kneel, crouch, and crawl; *could reach overhead on no more than an occasional basis with her dominant upper extremity and frequently with her non-dominant upper extremity*; and who *could handle, finger, and feel frequently*.

(R:30) (emphasis added)

reaching, handling, fingering—are at the occasional level.  (R:30)  Given the expert's response, any error in failing to include the more restrictive limitation in the hypothetical would be harmless, it would have altered neither the expert's nor the ALJ's conclusion.

In response to altered hypothetical questions presented by the ALJ, containing limitations the ALJ ultimately rejected and did not include in Plaintiff's RFC, the expert provided the following: Although the outreach worker position is classified as light exertional, a person performing that job would not necessarily have to lift more than ten pounds; it is classified as light because it requires a lot of standing and walking.  (R:31-32)   The expert testified that he thought that as traditionally performed, a person able to stand and or walk up to six hours, but no more than one hour continuously, would be able to perform the job of outreach worker, imagining that she would be able to sit sometime, especially when she drove, if she drove a vehicle, but recognizing that he did not have that information.  (R:32)

The ALJ found the vocational expert's testimony credible and accepted his relevant conclusions.  (R:50)  The physical and mental demands of Plaintiff's prior relevant work as an outreach worker were reflected in DOT 195.367-010.  (R:29, 50)  A person with the background and RFC described by the ALJ in the first hypothetical question could perform such work.  ( R:30, 46, 50)  Such work would not be precluded so long as the person would be able to reach, handle, and finger at least occasionally.  (*Id*.)

Viewing the evidence in the record as a whole, including the vocational expert's testimony, there is substantial evidence supporting the ALJ's conclusion that, given the RFC the ALJ assessed, Plaintiff would be able to perform her prior relevant work as outreach worker as generally performed.  Therefore, Plaintiff is not entitled to relief.

## **<u>CONCLUSION</u>**

The Court concludes that any deviation from the relevant legal standards was harmless and that the ALJ's decision is supported by substantial evidence.  Based on the foregoing, it is hereby **ORDERED** that the Commissioner's determination be **AFFIRMED**.

**SIGNED** and **ENTERED** on January 17, 2012.


_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE